Filed 12/24/14  P. v. Tamayo CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060906 |
| v. | (Super.Ct.No. INF1201543) |
| JESUS ALBERTO TAMAYO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Harold W. Hopp, Judge.

Affirmed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

A jury found defendant and appellant Jesus Alberto Tamayo guilty of possession of methamphetamine for sale (Health & Saf. Code, § 11378).[1]  Defendant was sentenced to a two-year "split" term with six months to be served in county jail and a suspended 18 months on mandatory supervision pursuant to Penal Code section 1170, subdivision (h).  Defendant appeals from the judgment.  We find no error and will affirm the judgment.

## I

## FACTUAL BACKGROUND[2]

On June 13, 2012, officers of a narcotics task force and gang task force executed a warrant at defendant's home.  While the investigating officer and several other officers entered the front door of the house, other officers secured the perimeter of the property.  Officers found defendant sitting in a chair by a swimming pool and ordered him to the ground.  Once a patdown search revealed defendant was not a threat, defendant was allowed to sit back in his chair.

After clearing the house, the investigating officer came out to the backyard where defendant was detained.  The investigating officer read defendant his constitutional rights pursuant to *Miranda*[3] and asked defendant to stand up.  While defendant was standing,

---

[1]  The jury found defendant not guilty of possession of marijuana for sale (Health & Saf. Code, § 11359) as alleged in count 2.

[2]  The factual background is taken from the hearing to exclude defendant's statements to the officers as well as from the trial testimony.

[3]  *Miranda v. Arizona* (1966) 384 U.S. 436, 471 (*Miranda*).

the officer noticed that defendant was leaning to one side like he was trying to hide something. The officer searched defendant and found a pill bottle containing three plastic-wrapped packages of methamphetamine tucked between the folds of defendant's stomach. The three packages of methamphetamine weighed 1.1 grams, 0.4 grams, and 0.2 grams. A later test revealed the total weight of the methamphetamine to be 0.95 grams.

A search of defendant's house revealed two plastic tubes of marijuana, a digital scale, two marijuana plants, and a pipe used for smoking marijuana. The marijuana in the tubes weighed 18.8 grams.

Defendant waived his *Miranda* rights and spoke to the investigating officer. In a taped statement to the investigating officer, defendant admitted selling methamphetamine but denied selling marijuana. He explained that the marijuana was for his own personal use and that he had a medical marijuana card. At the suppression hearing and trial, defendant claimed his confession was false and that he was threatened and forced to make the statement that he sold methamphetamine.

II

DISCUSSION

Defendant appealed from the judgment, and we appointed counsel to represent him on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386

3

U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


KING
J.

4